## Mousley v. Fitzpatrick

*Harry J. Martin, Jr.,* for plaintiff.
*James F. Proud,* for defendants.

WRIGHT, *J.*, October 1, 1974—This action to quiet title was commenced by William A. Mousley, as plaintiff, against Walter E. Fitzpatrick and Charles E. Willis, his heirs and assigns. Plaintiff, William A. Mousley, in his complaint, alleged that at a time when defendant, Willis, was the assessed owner and defendant, Fitzpatrick, was the owner of record, he, William A. Mousley, purchased the lots from the county commissioners at a tax sale and obtained a deed from the county commissioners. After filing a motion for publication, plaintiff, William A. Mousley, was granted leave by this court to serve defendant, Charles E. Willis, his heirs and assigns, by publication.

An answer to the complaint of William A. Mousley was filed by Lewis E. Weiss and Suki Weiss, his wife. The Weisses had obtained a deed to the premises in question from Fitzpatrick after the county commissioners conveyed the lots to plaintiff. Plaintiff, William A. Mousley, filed preliminary objections to the answer filed by defendants Weiss alleging that the answer was insufficient in law and did not state a valid defense. This court by an order dated December 18, 1959 (Diggins, *J.*) dismissed the preliminary objections.

On November 21, 1962, this court entered a final judgment (Sweney, *P. J.*) against defendants, Fitzpatrick and Willis and his heirs and assigns, and in favor of plaintiff, William A. Mousley.

On the day of the trial, plaintiff's attorney filed a praecipe for suggestion of death to the effect that plaintiff, William A. Mousley, died on December 29, 1972. The executrix of his estate, Mae E. Mousley, has therefore now been substituted as plaintiff.

At the trial no testimony was presented by either party. Plaintiff entered into evidence a stipulation

of facts, signed by the attorneys for both parties, and also entered into evidence the deed from the commissioners of Delaware County to William A. Mousley for the lots which are the subject matter of this action.

The stipulation of facts (plaintiff's exhibit 2) contained the following facts:

"1. The Defendant, Walter E. Fitzpatrick, became legal owner of the premises in question, Lots 6 to 11, Block 25, Forest Avenue, Ridley Township, Delaware County, Pennsylvania, by Deed dated May 12th, 1939 and Recorded July 18th, 1939 in Deed Book No. 1068, Page No. 214.

"2. The premises in question were sold on August 20th, 1930 by the Treasurer of Delaware County, Pennsylvania to the Commissioners of Delaware County, Pennsylvania, by Deed Recorded April 10th, 1946 in Deed Book No. 1361, Page No. 55.

"3. The premises in question were sold by the Commissioners of Delaware County, Pennsylvania, to William A. Mousley, now deceased, by Deed dated December 28th, 1948 and Recorded April 1st, 1957 in Deed Book No. 1760, Page No. 535.

"4. The tax sales were valid as to Fitzpatrick and Willis.

"5. On January 30th, 1959 Plaintiff filed his Action to Quiet Title and a Final Judgment was entered against the Defendants, Walter E. Fitzpatrick and Charles E. Willis, on November 21st, 1962 forever barring them from asserting any interest contrary to that of Plaintiff.

"6. Charles E. Willis had been the assessed owner of the premises in 1928.

"7. While the Quieting of Title Action was run-

ning, the Defendant, Weiss, intervened in response to advertisements that were running in the Legal Journal, which advertisements were directed to the Defendants, their heirs and assignees.

"8. The Defendant, Weiss, filed an Answer alleging title to the premises in question because he Recorded a Deed from Walter E. Fitzpatrick and Margaret E. Fitzpatrick on April 1st, 1957, the same date that Plaintiff's Deed from the County Commissioners of Delaware County, Pennsylvania, was Recorded.

"9. The Deed from the Defendant, Fitzpatrick, to the Defendant, Weiss, was dated February 28th, 1957.

"10. The Deed from Defendant, Fitzpatrick, to Defendant, Weiss, in point of time was Recorded before Plaintiff's Deed from the County Commissioners, but both Deeds were Recorded on the same date.

"11. Plaintiff has been paying the taxes on the premises.

"12. The lots in question are described as follows:'■

Plaintiff, at trial, contended that the fact that defendants Weiss recorded their deed a few hours before plaintiff was of little or no importance. Plaintiff's position was that defendants Weiss had a duty to search the commissioners' and treasurer's records and that a search of those records would have revealed the commissioners' deed to plaintiff. Plaintiff also took the position that, it being agreed by defendants Weiss in the stipulation of facts that the tax sales were valid as to defendants Fitzpatrick and Willis, Fitzpatrick lost all interest he had in

said lots by reason of the tax sale; that Fitzpatrick, having lost all interest in the lots, the deed from him to defendants Weiss conveyed nothing to them.

Defendants Weiss argued that the recording statute controls and, having recorded their deed first, the court should enter judgment for them.

At the close of the arguments of counsel the trial judge asked counsel to file briefs.

After briefs were filed, but before the trial judge arrived at a decision, an amended stipulation, signed by counsel for both parties, was filed. The amended stipulation is as follows:

"Counsel for Plaintiff and counsel for the Defendants, Lewis E. Weiss and Suki Weiss, His Wife, do hereby amend the original Stipulation so that paragraph 10 thereof shall read as follows:

"10. Plaintiff recorded the Deed from the County Commissioners at 11:18 A.M. on April 1st, 1957, said Deed being Recorded at Media in Deed Book Number 1760, Page Number 535, and the Deed from Defendant, Fitzpatrick, to the Defendants, Lewis E. Weiss and Suki Weiss, was recorded at Media at 3:23 P.M. on April 1st, 1957, in Deed Book Number 1880, Page Number 223."

Where real estate is purchased from county commissioners by a plaintiff in a quiet title action and, subsequent thereto, but prior to the county commissioners' deed being recorded, the record title holder conveys the real estate to a defendant in a quiet title action, and plaintiff records his deed from the county commissioners a few hours before defendant records his deed from the record title holder, should judgment in the quiet title action be entered in favor of plaintiff?

The filing of the amended stipulation makes this case unique. Since it now appears that plaintiff's deed from the county commissioners was recorded before the Weiss deed from Fitzpatrick, the argument made by Weiss' counsel at the trial supports plaintiff's position. Unfortunately for the Weisses, we agree with the argument that their counsel made at the trial, i.e., that the recording statute, in this particular case, controls. That act, Act of May 12, 1925, P.L. 613, sec. 1; June 12, 1931, P.L. 558 (No. 191), sec. 1, 21 PS §351, provides:

"All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent pur-

chaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages."

The statute fully covers this case.

Since plaintiff's deed was recorded prior to the deed to defendants Weiss, we must find for plaintiff.

We do not herein decide whether or not a purchaser of real estate has a duty to search the records of the County Commissioners or County Treasurer.

We therefore enter the following

## ORDER

And now, October 1, 1974, it is hereby ordered and decreed that the deed of Walter E. Fitzpatrick and Margaret E. Fitzpatrick, his wife, to Lewis E. Weiss and Suki Weiss, his wife, defendants, recorded in deed book 1880, p. 223, is hereby declared invalid and of no effect and the Recorder of Deeds of Delaware County is directed and authorized to indicate on said deed a notice of this opinion and order.

It is further ordered and decreed that judgment in these proceedings be entered for plaintiff and against defendants, Lewis E. Weiss and Suki Weiss, and that the title of plaintiff to the real estate in question in this action, more particularly described is valid, absolute, perfect, indefeasible and in fee simple absolute for all purposes as against defendants, Lewis E. Weiss and Suki Weiss, his wife, their heirs and assigns.